This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                            **NO. 30,981**

**KEVIN JIM**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Grant Foutz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals from the district court's judgment and sentence, convicting him for second degree murder by aiding and abetting. The jury acquitted Defendant for the charges of first degree murder, aggravated assault with a deadly weapon, and

conspiracy to commit first degree murder, in this allegedly gang-related homicide by stabbing. Unpersuaded that Defendant demonstrated error in the admission of statements he made to police and evidence of his gang affiliation, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We have considered Defendant's response and remain unpersuaded that the statements and evidence were erroneously admitted. Therefore, we affirm.

Defendant argues that the district court erred by admitting a portion of his recorded statement made to police and some of the officer's statements during his custodial interrogation under the hearsay exception for statements against interest found in Rule 11-804(B)(3) NMRA. [DS 3-4; MIO 2-3] Defendant argues that the recorded statements were not statements against interest and that most of the statements admitted were those of the police officers trying to coax admissions from Defendant. [MIO 3-4, 6-11] He also contends that the State did not prove that the prior stabbing incident was connected to the current case or that the stabbing in the current case was related to gang activity in any way. [DS 3-5; MIO 4-5, 10-11] Thus, Defendant argues that the statements do not qualify as admissible statements against interest and that the prejudicial effect of the statements far outweigh their probative

2

value because evidence of his gang affiliation under the circumstances constitutes improper propensity evidence. [Id.; MIO 11-17]

We review the district court's admission of the hearsay as a statement against interest for an abuse of discretion. *See State v. Torres*, 1998-NMSC-052, ¶ 15, 126 N.M. 477, 971 P.2d 1267.

Defendant's arguments seem to presume that a statement against interest must rise to the level of a confession to fall under the hearsay exception or to even be relevant. [MIO 9-10] This is not the case. The Rules of Evidence permit admission of

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.

Rule 11-804(B)(3). "[T]he analysis regarding statements against penal interests involves a fact-intensive inquiry that can only be answered in light of all the surrounding circumstances." *Torres*, 1998-NMSC-052, ¶ 15 (internal quotation marks and citation omitted). In order to determine whether a statement was made against the declarant's own penal interest, we view the statement in context. *See id.* ¶ 14. Thus, a facially neutral statement may be admissible under this hearsay exception where

under the circumstances it implicates the declarant, even if it inculpates another as well. *See id.* ¶¶ 16-19.

In the current case, Defendant's statements that were provided in the memorandum in opposition, when read in response to the officer's questions, made several admissions. [MIO 6-8] Defendant's statements conceded his membership in a gang, placed Defendant at the scene of the crime, acknowledged that he was out looking for three rival gang members because of a gang-related incident that occurred two months before the current stabbing, and acknowledged that Defendant was stabbed by a rival gang member in the two-month-old incident. [DS 4; MIO 6-8] In the factual context set forth in our notice, these statements clearly were made against Defendant's interests at the time they were given.

Also, for the many reasons stated in our notice, we are not persuaded by Defendant's assertion that there was no evidence the killing was gang-related.

As a result, we hold that Defendant's statements constituted statements against interests and were relevant to explain the motive behind the killing, however senseless and misdirected that motive and killing may have been.

Lastly, we are not persuaded by Defendant's arguments that the admission of evidence of Defendant's gang affiliation was more prejudicial than probative and constituted impermissible propensity evidence under our case law. In contrast to the

current case, in *State v. Torrez*, 2009-NMSC-029, ¶ 28, 146 N.M. 331, 210 P.3d 228, our Supreme Court reversed the defendant's conviction and ordered a retrial where the expert testimony on gang culture was not supported by any evidence that the shooting was "related to gang rituals, rivalries, procedures, or other aspects of gang culture" and there was no evidence that the "[d]efendant was in fact a gang member at the time of the shooting." As we have indicated above and in our notice, the evidence of Defendant's gang affiliation was not introduced to show propensity for crime or to negatively influence the jury. Rather, Defendant's gang affiliation was relevant to explain the motive behind the stabbing. We see no abuse of discretion in the district court's admission of the statements and evidence of gang affiliation.

For the reasons stated in this opinion and in our notice, we affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**

 

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**